**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2017[*]
Decided September 5, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-1001

| | |
|---|---|
| LaSANDRA NORMAN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | Hammond Division. |
| *v.* | |
| | No. 2:16-CV-113 RLM-PRC |
| BLACK ENTERTAINMENT | |
| TELEVISION LLC, et al., | Robert L. Miller, Jr., |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

This lawsuit from the Northern District of Indiana is the third in which LaSandra Norman says she is the singer Beyoncé. She named as defendants Black Entertainment Television LLC ("BET"), Debra Lee (Chairman and CEO of BET Television, a related company), Stephen Hill (formerly BET's President of Programming), and Wendy Hunter (television host of The Wendy Williams Show). Norman asserts that she is Beyoncé and that the defendants have broadcast her music and lyrics without permission. She has demanded $2 billion in damages. Lee, Hill, and Hunter had no

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. See FED. R. APP. P. 34(a)(2)(A).

connections to Indiana and filed a motion to dismiss for lack of personal jurisdiction, which the district court granted. BET separately moved to dismiss for failure to state a claim. See FED. R. CIV. P. 12(b)(6). The court understood Norman to be accusing BET of copyright infringement; the court agreed with BET that Norman does not state a plausible claim against the network but inexplicably entered judgment without prejudice as to all defendants, including BET.

Norman has appealed. The defendants contend that we must dismiss Norman's appeal because, they say, the dismissal without prejudice is nonfinal. See 28 U.S.C. § 1291. That's incorrect; the district court made clear it was done with the case by entering judgment and terminating the action, so we have appellate jurisdiction. See *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 763 (7th Cir. 2015).

Even so, this appeal is frivolous. The district court adequately disposed of the claims against Lee, Hill, and Hunter, and in her brief Norman does not engage the district court's reasons for dismissing her copyright claim against BET. Thus we need not say any more about the court's analysis. We caution Norman, however, that further suits like this one may lead to sanctions. Norman previously sued the State of Tennessee (in the Western District of Tennessee, where she resided before moving to Indiana) demanding $31 million after receiving a state-issued I.D. "with a false photo of my self being the singer and actor Beyoncé Knowles." *Norman v. Tennessee*, No. 1:07-cv-01153-JDT-STA (W.D. Tenn. Sept. 10, 2007). While living in Tennessee, she also filed an action in federal court demanding royalties for her music from "Mr. and Mrs. Sean Cater" (presumably meaning Jay-Z and Beyoncé, who are married and whose real names are Shawn Carter and Beyoncé Knowles-Carter). *Norman v. Cater*, No. 1:08-cv-01160-JDB-egb (W.D. Tenn. July 8, 2008). Those suits, like this one, were wholly without merit.

AFFIRMED.